CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 23 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | Civil Action No. 1:13CV00066 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| STRONGWELL CORPORATION, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

In this insurance coverage dispute, which has been consolidated with Civil Action No. 1:12CV00038, Nautilus Insurance Company ("Nautilus") seeks a declaratory judgment that it has no obligation to defend or indemnify Strongwell Corporation ("Strongwell") in connection with a lawsuit that Black & Veatch Corporation ("Black & Veatch") originally filed against Strongwell in the United States District Court for the Southern District of Alabama. The case is presently before the court on Strongwell's motion to dismiss. For the reasons that follow, the motion will be granted in part and denied in part.

I.   **Duty to Defend**

On March 29, 2013, Black & Veatch filed suit against Strongwell in the Southern District of Alabama (the "Alabama suit"). Black & Veatch's claims relate to work and materials that Strongwell provided as part of a project to construct a jet bubbling reactor for the Charles L. Lowman Power Plant in Leroy, Alabama. On September 30, 2013, the Alabama suit was transferred to the Western District of Missouri, where it was consolidated with Black & Veatch Corp. v. Strongwell Corp., 4:12CV00119 (the "Missouri suit"), in which Black & Veatch asserts similar claims relating to the design and construction of jet bubbling reactors in Ohio and Indiana.

This court has already ruled that Nautilus has a duty to defend Strongwell in the Missouri suit. See Nautilus Ins. Co. v. Strongwell Corp., No. 1:12CV00038, 968 F. Supp. 2d 807 (W.D. Va. 2013) ("Nautilus I"). A review of the docket in the Missouri suit reveals that the Missouri suit and the Alabama suit have been fully consolidated for all purposes, including trial. See Black & Veatch Corp. v. Strongwell, No. 4:12CV00119, Minute Entry, Docket No. 111 (W.D. Mo. April 11, 2014) (granting the parties' joint motion to amend the scheduling order and setting the jury trial for April 13, 2015). It therefore follows that Nautilus is obligated to defend the entire consolidated action, as Nautilus itself acknowledges in its brief. See Nautilus's Br. in Opp'n at 8 (recognizing that it may be deemed to have a duty to defend Strongwell in the Alabama suit if the suit is fully consolidated with the Missouri suit) (citing AES Corp. v. Steadfast Ins. Co., 725 S.E.2d 532 (Va. 2012)); see also CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co., 566 F.3d 150, 155 (4th Cir. 2009) ("Virginia and other states recognize the 'potentiality rule,' wherein 'an insurer's duty to defend is triggered if there is any possibility that a judgment against the insured will be covered under the insurance policy.'") (quoting Bohreer v. Erie Ins. Group, 475 F. Supp. 2d 578, 584 (E.D. Va. 2007)); Fuisz v. Selective Ins. Co., 61 F.3d 238, 245 (4th Cir. 1995) ("[W]here both covered and excluded acts are alleged [against the insured], the duty to defend attaches."); Couch on Insurance 3d § 200:25 (Westlaw 2014) ("In the majority of jurisdictions, an insurer's duty to defend extends to the entire action, which includes covered, potentially covered, and uncovered allegations within the claim."). Accordingly, Nautilus's complaint will be dismissed insofar as it seeks a declaration that it has no duty to defend Strongwell.

II. **Duty to Indemnify**

Strongwell has also moved to dismiss, without prejudice, the portion of the complaint in which Nautilus seeks a declaration that it has no duty to indemnify Strongwell. As previously

2

explained in Nautilus I, courts have generally held that it would be premature to rule on an insurer's duty to indemnify while the underlying action remains pending. See Nautilus Ins. Co., 968 F. Supp. 2d at 821 (citing cases). While the court finds no reason to depart from this general rule in the instant action, the court declines to dismiss the portion of the complaint in which Nautilus seeks a determination of its indemnification obligations. Instead, consistent with Nautilus I, the court will refrain from ruling on the issue of indemnification until the underlying action is resolved.

For the reasons stated, Strongwell's motion to dismiss will be granted in part and denied in part. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 23rd day of July, 2014.

_____
Chief United States District Judge